IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HITCHO, JR., | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, *et al.*, | : | NO. 16-1156 |
| Respondents | : | |

**KEARNEY, J.**                                                               October 14, 2016

## MEMORANDUM

Courts often appoint the skilled lawyers working for the Pennsylvania Federal Community Defenders Association to represent Pennsylvania prisoners without sufficient assets in seeking *habeas corpus* relief from a state court capital conviction involving a death sentence. We appreciate these lawyers would also like to control and adapt the state court record for their *habeas* client's benefit. We face several difficult issues when expanding federal defenders' limited appointment as *habeas* counsel to become a state court defense lawyer in the same case subject to the *habeas* challenge. When, as here, the federal defenders seek to become co-counsel to greatly experienced private counsel in the state court, we find no basis to appoint federally funded lawyers for well-represented clients in our state courts.

The Federal Defenders, as George Hitcho, Jr.'s federal *habeas* counsel, move to expand their appointment to also become co-counsel for Mr. Hitcho in his ongoing Pennsylvania Post Conviction Relief Act ("PCRA") proceedings in Northampton County Court of Common Pleas. The Federal Defenders argue the Supreme Court's interpretation of 18 U.S.C. § 3599(e) in *Harbison v. Bell*[1] allows them to represent Mr. Hitcho in ongoing state court PCRA proceedings even though he is already represented by three attorneys with a total of 66 years of experience whom the same Federal Defenders sponsored for admission less than three months ago. We

deny Mr. Hitcho's motion for expansion of his *habeas* counsels' appointment in an accompanying Order.

**I.     Background**

On May 24, 2012, a Pennsylvania state judge sentenced Mr. Hitcho to death for the first-degree murder of a police officer.[2] The Pennsylvania Supreme Court affirmed this sentence.[3] On January 4, 2016, Mr. Hitcho filed a *pro se* motion for PCRA relief under 42 Pa.C.S.A. § 9545, seeking relief from his capital sentence.[4] On January 13, 2016, the Pennsylvania state court appointed PCRA counsel for Mr. Hitcho. On August 1, 2016, after considering the evidence, PCRA counsel filed a "No Merit Letter" representing he could find no issues of merit present in Mr. Hitcho's PCRA case, and asking to be released from further representing Mr. Hitcho.[5] As required, this letter informed Mr. Hitcho of his right to hire private counsel to pursue his PCRA appeal.[6]

In addition to his PCRA claim, Mr. Hitcho moved *pro se* for *habeas corpus* relief under 28 U.S.C. § 2254 and appointment of *habeas corpus* counsel.[7] Mr. Hitcho requested the Federal Community Defenders Association ("Federal Defenders") represent him in his federal *habeas* proceedings.[8] On March 16, 2016, we granted both motions, appointed the Federal Defenders as his *habeas* counsel, and directed Mr. Hitcho to file his Petition for *habeas corpus* relief on or before September 15, 2016.[9]

On September 13, 2016, the Federal Defenders moved for an extension of time to file a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 and for expansion of appointment.[10] We granted the extension of time but required the parties to brief the expansion of the Federal Defenders' appointment.[11]  The Federal Defenders argue we may expand their *habeas* representation to include representing Mr. Hitcho in his ongong PCRA proceedings because  Mr.

Hitcho's original PCRA attorney, appointed on January 13, 2016 " . . . failed to undertake the investigation and review necessary to provide effective assistance of counsel in capital post-conviction proceedings, constructively den[ying] Mr. Hitcho his right to post-conviction counsel in the post-conviction proceedings."[12]

This argument may have merit but for the presence of three experienced private attorneys now representing Mr. Hitcho in his PCRA case, as touted by the Federal Defenders. On July 27, 2016, Federal Defender Michael H. Gonzales moved for the admission *pro hac vice* of three out of state attorneys from Kilpatrick, Townsend and Stockton to represent Mr. Hitcho in his ongoing PCRA action.[13] Federal Defender Gonzales described "the candidates to be reputable and competent attorneys and is in a position to recommend the candidates' admission."[14] Federal Defender Gonzales further represented "[a]fter reasonable investigation, I believe that the candidates I am moving for admission *pro hac vice*, Jonathan E. Polonsky, David M. Posner, and Phillip A. Harris, Jr., are reputable and competent attorneys. I recommend that they be admitted."[15] Federal Defender Nolan represented, "[i]t is anticipated that attorneys from Kilpatrick Townsend will take the lead in the state court litigation. Thus, the Federal Defender's role as sponsoring counsel in that litigation will be relatively limited."[16]

**II.   Analysis**

Less than three months after vouching for Attorneys Polonsky, Posner and Harris in the PCRA court, the Federal Defenders ask us to expand their *habeas* appointment to become co-counsel with their touted private lawyers in representing Mr. Hitcho in his ongoing PCRA proceedings under 18 U.S.C. § 3599 and *Harbison.* Mr. Hitcho argues footnote 7 in the *Harbison* opinion permits this Court to expand the appointment of counsel: "[p]ursuant to § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a

3

district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. . .".[17] Our Court of Appeals has yet to rule directly on expanding federal *habeas* counsel appointment to state court PCRA matters.

**A.     Courts have expanded appointments in limited circumstances.**

A number of courts expand federal *habeas* representation to include state court proceedings. In *Conway v. Houk*, a district court permitted expansion of appointment to include Ohio state court proceedings because Ohio law does not guarantee the right of counsel in state court relief proceedings.[18] In *Marinelli v. Beard*, the court expanded the appointment to include state court proceedings in light of newly discovered, exculpatory Brady evidence: "[B]ecause representation by current counsel during the pursuit of Petitioner's newly discovered evidence claim will ensure, not only that Marinelli is represented, but that he is represented by counsel who already are intimately familiar with the facts of the case, and who have had an ongoing relationship with Petitioner, thus avoiding delay that would be necessary for new counsel to become familiar with the facts and claims herein, the Court will appoint current counsel to represent Marinelli pursuant to 18 U.S.C. § 3599."[19] The court in *Wright v. Beard* expanded the appointment to include state court proceedings when facing a looming statute of limitations deadline in state court, with defendant never having been appointed counsel.[20] In *Battaglia v. Stephens*, the court held the "logic" of *Harbison* allows federal *habeas* counsel to continue representation of a client in state court competency hearings.[21]

**B.     Courts have also declined expansion of appointments.**

Other courts have held, post *Harbison*, Section 3599(e) does not permit us to expand the appointment of *habeas* counsel to include state court proceedings. In *Mitchell v. Wetzel*, similar

4

to our facts, a death row petitioner moved to expand the federal defender's representation to include state court proceedings.[22]  In denying the expansion, Judge McLaughlin held "[t]he Court's decision must stay consistent with the general purpose and reasoning of the *Harbison* decision; and, its exercise of discretion may not permit *Harbison's* footnote exception to swallow its rule."[23]  Judge McLaughlin found the petitioner's argument he would have to develop a new professional relationship with PCRA counsel unpersuasive, as they would benefit from the Federal Defender's previously filed briefs and work product.[24]  Similarly, in *Johnson v. Kerestes*, Judge Stengel found "it is not 'appropriate' for this Court to direct the Federal Defenders to litigate this action in place of a state-appointed counsel."[25]

Courts outside our Circuit similarly interpret § 3599(e).  In *Gary v. Warden, Georgia Diagnostic Prison*, the court raised "troubling" federalism concerns in declining the expansion of representation of *habeas* counsel.[26] The court held language in footnote 7 of *Harbison* was "clearly limiting" and did not provide for appointment of counsel in every state post-conviction proceeding.[27]  In *Lugo v. Sec., Florida Dept. of Corrections*, a court of appeals "emphasize[d]. . .a state prisoner is not entitled, as a matter of statutory right, to have federally paid counsel assist him in the pursuit and exhaustion of his state post-conviction remedies, including the filings of motions for state collateral relief that would toll the one-year federal filing period."[28]  In *Irick v. Bell*,[29] the court denied an expansion of appointment based on a Tennessee statute guaranteeing representation in state court proceedings, nullifying the need for an expansion of federal *habeas* representation. The court held the Tennessee petitioner's argument "that his federal *habeas* counsel are more qualified than alternate state appointed counsel" is not an appropriate ground for relief under § 3599(e).[30]

C.     **Mr. Hitcho's case does not warrant expansion of Federal Defender's representation.**

Mr. Hitcho's case does not warrant expansion of the Federal Defender's appointment to include serving as co-counsel in Mr. Hitcho's PCRA proceedings. On July 27, 2016, Federal Defender Michael H. Gonzales moved the Northampton County Court for *pro hac vice* admission of three out of state attorneys with over 66 years of combined legal experience to represent Mr. Hitcho in ongoing PCRA proceedings.[31] Experienced attorneys Jonathan E. Polonsky, David M. Posner, and Phillip A. Harris, Jr. are currently lead counsel for Mr. Hitcho in PCRA proceedings. In supporting their admission less than three months ago, Federal Defender Gonzales represented Attorneys Polonsky, Posner, and Harris, Jr. are "reputable" and "competent" and would "take the lead" in state court litigation.[32] Based on the facts presented, we find the Federal Defender's argument their expansion of appointment "will help avoid pitfalls to review that may arise from the complex interplay of state and federal rules" unpersuasive.[33]

We disagree Mr. Hitcho's case presents unique circumstances warranting an expansion of appointment. Unlike *Marinelli,* where the court expanded *habeas* representation in light of newly discovered exculpatory evidence, we face no such extraordinary circumstance. We have no basis to discredit the Federal Defender's representations of competent counsel in the PCRA matters. A filing of a "No Merit" letter by earlier PCRA counsel does not constitute abandonment as Mr. Hitcho suggests given the presence of experienced PCRA counsel touted by the Federal Defenders. There is no present basis to expand the Federal Defenders' *habeas* representation.[34] Mr. Hitcho is now represented by three lawyers whom the Federal Defenders believed to be qualified less than three months ago. They say nothing different now. We have no basis to allow the Federal Defenders to co-lead the in-place qualified litigation team in state court.

**D.     Conclusion**

Three competent and qualified attorneys sponsored by the Federal Defenders currently represent Mr. Hitcho in ongoing PCRA proceedings. Any questions arising during the course of Mr. Hitcho's representation may be directed towards Mr. Gonzales and other Federal Defenders, and does not require the expansion of federally-funded Federal Defenders' representation in the state court.

---

[1] 556 U.S. 180 (2009).

[2] ECF Doc. No. 1 *at* 2.

[3] *Id*.

[4] *Id*.

[5] ECF Doc. No. 8, ¶ 9.

[6] *Id.*

[7] ECF Doc. Nos. 1, 3. Mr. Hitcho also moved to proceed *in forma pauperis*, which we granted on March 16, 2016.

[8] ECF Doc. No. 1.

[9] ECF Doc. No. 4.

[10] ECF Doc. No. 8.

[11] ECF Doc. No. 9.

[12] ECF Doc. No. 8 ¶ ¶ 11, 12, *See also Id.*, ¶ 13 "This Court has the authority to expand the appointment of the Federal Defenders to represent Petitioner in state collateral proceedings pursuant to 18 U.S.C. § 3006A and 18 U.S.C. § 3599. Section 3599(e) provides that in capital cases, an attorney appointed to represent an indigent defendant seeking to vacate or set aside a

death sentence under 28 U.S.C. § 2254, 'shall represent the defendant throughout every subsequent stage of available judicial proceedings, including ... all available post-conviction process, together with applications for stay of execution and other appropriate motions and procedures.' Pursuant to *Harbison v. Bell*, 556 U.S. 180 (2009), federal courts have broad authority to allow federal habeas counsel to appear in other fora. 'Pursuant to §3599(e)'s provision that counsel may represent her client in other appropriate motions and procedures' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation . . .".

[13] ECF Doc. No. 8, ¶ 10.

[14] ECF Doc. No. 8-3.

[15] *Id.*

[16] ECF Doc. No. 8, ¶ 12.

[17] ECF Doc. No. 14 *at* 1. *Harbison,* 556 U.S. at n. 7.

[18] *Conway v. Houk*, No. 07-345, 2013 WL 6170601 (S.D. Ohio Nov. 22, 2013).

[19] *Marinelli v. Beard*, No. 07-173, 2013 WL 5234241 (M.D. Pa. Sept. 16, 203) at *12.

[20] *Wright v. Beard,* No. 07-251, 2008 WL 5104848 (W.D. Pa. Dec. 1, 2008).

[21] *Battaglia v. Stephens,* 824 F.3d 470 (5th Cir. 2016).

[22] *Mitchell v. Wetzel,* No. 11-2063, 2013 WL 4194324 at *1 (E.D. Pa. Aug. 15, 2013).

[23] *Id.* at *5.

[24] *Id.* at *6.

[25] *Johnson v. Kerestes,* No. 13-3197, 2015 WL 2069216 at *8 (E.D. Pa. May 4, 2015).

[26] *Gary v. Warden, Georgia Diagnostic Prison,* 686 F.3d 1261 (11th Cir. 2012) ("[t]his case at hand clearly does not present the scenario contemplated by that footnote." *Id.* at 1277.)

[27] *Id.* at 1288. ("[b]ased on our reading of § 3599, the language of *Harbison* clearly limiting the provision of federally-funded counsel, and obvious public policy concerns, we conclude that § 3599 does not provide for the appointment of counsel to prosecute the [pending] state post-conviction motion . . .".)

[28] *Lugo v. Sec., Florida Dept. of Corrections,* 750 F.3d 1198 (11th Cir. 2014), *cert. denied sub nom. Lugo v. Jones,* 135 S. Ct. 1171 (2015) (holding otherwise "would have the practical effect

of supplanting state-court systems for the appointment of counsel in collateral review cases." *Lugo,* 750 F.3d *at* 1214 (internal citations omitted)).

[29] 636 F.3d 289 (6th Cir. 2011).

[30] *Id*. *at* 292.

[31] ECF Doc. No. 8-3.

[32] *Id.*

[33] ECF Doc. No. 14.

[34] *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80 (3d Cir. 2013).